In a contested probate proceeding, the appeal is from an order of the Surrogate’s Court, Kings County (Cutrona, A.S.), dated June 25, 2012, which denied the motion of the objectants David Waldman, Michael Kreamer, Phillip Rabinowitz, Mitchell Waldman, Karen Crystal, Joel Waldman, Joan Rusden, Gerald Zacher, Ellen Friedmen, David Zacher, Bonnie Rubin, Robert Kreamer, Lori Preschel, Lynn Sher, Leila Diamant, Arnold Wald-man, and Harry Kreamer, deceased, by Janie Kreamer, Hannah Kreamer, and Jacob Kreamer, which was joined by Laurence Chaplin, as administrator of the estate of the objectant Frances Fagen, for summary judgment dismissing the probate petition based on lack of due execution, and granted the petitioners’ cross motion for summary judgment, in effect, dismissing the objection to probate based on lack of due execution.
Ordered that the appeal by Vadim Tevelev is dismissed, as he is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2010]); and it is further,
Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
The decedent, Isaac Kramer, died in Ontario, Canada, on February 20, 2008, when he was a domiciliary of Brooklyn. He is survived by several first cousins once removed, including the petitioner Lea Cohen and several of the objectants.
*699 In 2009, the petitioners commenced a proceeding to admit to probate an instrument dated February 16, 2008, that was executed in Ontario, Canada. The instrument includes a testamentary provision devising to Lea Cohen the decedent’s real property in Brooklyn, and bequeathing to her a 50% interest in all of his other assets.
The appellants, consisting of, among others, 19 first cousins once removed (hereinafter the Waldman objectants) filed objections to probate. The Waldman objectants alleged that the instrument was not duly executed, that the decedent lacked testamentary capacity, and that the execution of the instrument was procured by undue influence.
Thereafter, the Waldman objectants moved for summary judgment dismissing the probate petition based on the objection regarding lack of due execution, and Laurence Chaplin, as administrator of the estate of the objectant Frances Fagen, joined in the motion. The petitioners cross-moved for summary judgment, in effect, dismissing that objection. The Surrogate’s Court denied the motion and granted the cross motion.
The petitioners made a prima facie showing of entitlement to judgment as a matter of law dismissing the objection based on lack of due execution. EPTL 3-5.1 (c) provides, in relevant part, that a will made without the State of New York is “formally valid and admissible to probate” in New York “if it is in writing and signed by the testator, and otherwise executed and attested in accordance with the local law of” “[t]he jurisdiction in which the will was executed, at the time of execution” (EPTL 3-5.1 [c] [2]). The instrument at issue is in writing and signed at its end by the decedent, and was otherwise executed and attested in accordance with the local law of Ontario, Canada (see Succession Law Reform Act, R.S.O., ch S.26 §§ 3, 4 [1990]). In opposition, the Waldman objectants failed to raise a triable issue of fact. For the same reasons, the Waldman objectants and Laurence Chaplin, as administrator of the estate of the objectant Francis Fagen, failed to establish their prima facie entitlement to judgment as a matter of law. Accordingly, the Surrogate’s Court properly denied the motion for summary judgment dismissing the probate petition based on lack of due execution and properly granted the petitioners’ cross motion for summary judgment, in effect, dismissing the objection to probate based on lack of due execution. Dickerson, J.P, Chambers, Austin and Sgroi, JJ., concur.